J-S45034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD E. BENSON :
:
Appellant : No. 346 EDA 2019

Appeal from the PCRA Order Entered December 26, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003663-2014

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 23, 2019**

Ronald E. Benson (Benson) appeals from an order of the Court of
Common Pleas of Delaware County denying his first petition filed pursuant to
the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Benson
contends that he is entitled to file an amended petition on remand because
his PCRA counsel improperly withdrew from the case and overlooked
meritorious claims as to his trial counsel's ineffectiveness. We affirm.

**I.**

The pertinent factual and procedural background are gleaned from the
PCRA Court's 1925(a) opinion and our independent review of the certified

_____

[*] Retired Senior Judge assigned to the Superior Court.

record. In 2015, Benson was found guilty after a jury trial of several sex-related offenses against his minor daughter.[1] He was sentenced to an aggregate prison term of seven to fourteen years, followed by a consecutive probationary period of ten years and lifetime registration as a sex offender. Benson appealed and this Court affirmed in **Commonwealth v. Benson**, 2923 EDA 2015 (Pa. Super. July 14, 2016).

Benson timely filed, *pro se*, his first PCRA petition in 2017. Shortly thereafter, the PCRA Court appointed counsel, who in 2018 filed a **Turner**/**Finley**[2] "no merit" letter and an application to withdraw. The PCRA Court issued a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907.

Benson filed a *pro se* objection to the withdrawal of PCRA counsel, alleging that he had asserted an issue of merit in his petition – the inadmissibility of his daughter's trial testimony. Although Benson questioned the diligence of PCRA counsel in reviewing the record and researching the law,

---

[1] The offenses were involuntary deviate sexual intercourse with a child less than 13 years of age; aggravated indecent assault of a person less than 13 years of age; indecent assault with a person less than 13 years of age; and endangering the welfare of a child.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

he did not present any additional issues which he believed to be of sufficient merit to preclude counsel's withdrawal.

The PCRA Court granted PCRA counsel's request to withdraw, agreeing that Benson's grounds had no merit and did not require a hearing. The PCRA Court entered an order denying Benson's PCRA petition on December 2, 2018, and Benson timely appealed.[3]

He now asserts in his appellate brief that PCRA counsel's **Turner**/**Finley** no-merit letter was deficient because it misrepresented PCRA counsel's review of the record; investigation of issues raised in Benson's petition; and communications with Benson. **See** Appellant's Brief, at 6-7.[4] He also claimed that PCRA counsel failed to identify grounds for trial counsel's ineffectiveness. **Id**. at 10-11.[5] For the reasons detailed below, we find that Benson's claims have no merit or are waived.

## II.

"The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." **Commonwealth v. Albrecht**, 720 A.2d

_____

[3] The PCRA Court did not order Benson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

[4] Benson seems to meld his issues regarding the adequacy of the no-merit letter with a claim of ineffective PCRA counsel.

[5] Benson asserted the same issues to this Court in his *pro se* Petition to Reinstate Post Sentence Rights 'Nunc Pro Tunc'," filed on April 1, 2019. This Court denied that petition without prejudice a few days later.

693, 699 (Pa. 1998). Despite that requirement, appointed counsel must decline to litigate a meritless petition and may withdraw from a case to avoid doing so. *See Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

In order to withdraw at the PCRA stage, "counsel must . . . submit a 'no-merit' letter to the trial court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed pro se or with new counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003). Substantial compliance with these requirements will satisfy the above criteria and preclude relief on that basis. *Id*.

Further, on appeal from the denial of a PCRA petition, this Court must affirm the PCRA Court's ruling as long as we find from our independent review of the record that the ruling is supported by the evidence and free of legal error.[6] A PCRA court's dismissal of a petition without a hearing will be affirmed

---

[6] Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa. Super. 2011). This Court grants great deference to the findings of the PCRA court

if there is "no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." **Commonwealth v. Taylor**, 933 A.2d 1035, 1040 (Pa. Super. 2007).

Here, PCRA counsel substantially complied with all of the requirements for a **Turner/Finley** "no-merit" letter. Counsel filed the letter and the application to withdraw as counsel. In the letter, counsel stated that he corresponded with Benson; reviewed Benson's file and available court records; listed the claims Benson wished to raise; and explained in detail why the claims have no merit.[7] Counsel indicated that he had served Benson with a copy of the "no-merit" letter and application to withdraw, which notified Benson of PCRA counsel's request to withdraw and provided an explanation of Benson's right to proceed *pro se* or with private counsel. **See**

_____

if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

**Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa. Super. 2019).

[7] Benson had asserted in his *pro se* petition that the evidence was insufficient to sustain his convictions. This claim was based on the absence of forensic evidence of guilt, conflicting testimony by the victim and an examining physician. Benson also argued that his trial counsel was ineffective due to his failure to impeach the victim and to seek the exclusion of a juror who he knew personally. Contrary to Benson's claim, PCRA counsel's no-merit letter addressed all those issues in detail, and the PCRA Court, in turn, assessed those issues in its opinion. **See** PCRA Court 1925(a) Opinion, 1/24/2019, at 9-14.

*Commonwealth v. Widgins*, 29 A.3d 816 (Pa. Super. 2011) (holding PCRA counsel substantially complied with *Turner/Finley* requirements to withdraw).

It was not until Benson filed his appellate brief that he argued that the record supports another PCRA issue – the trial counsel's failure to object to improper prosecutorial comment. *See* Appellant's Brief, at 10-11. Regardless of whether Benson intended to frame this as an issue of ineffective trial counsel or PCRA counsel, Benson waived the issue by raising it for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); *see also Albrecht*, 720 A.2d at 700 ("The post-conviction appellate stage is an appropriate time to enforce the rules of waiver."); *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012) (claims may be waived by failing to include them in a written response to PCRA court's notice of intent to dismiss).

Thus, because PCRA counsel substantially complied with the *Turner/Finley* requirements and Benson does not otherwise assert a preserved or meritorious basis for relief, the order on review must stand.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/23/2019*